FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 27 2022

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 19-1631 DHU |
| | ) | |
| EDDIE HILL, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the

following agreement between the United States Attorney for the District of New Mexico, the

Defendant, EDDIE HILL, and the Defendant's counsel, WAYNE BAKER:

## REPRESENTATION BY COUNSEL

1.     The Defendant understands the Defendant's right to be represented by an attorney

and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.     The Defendant further understands the Defendant's rights:

a.     to plead not guilty, or having already so pleaded, to persist in that plea;

b.     to have a trial by jury; and

c.     at a trial:

1)     to confront and cross-examine adverse witnesses,

2)     to be protected from compelled self-incrimination,

3)     to testify and present evidence on the Defendant's own behalf, and

4)    to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The Defendant agrees to waive these rights and to plead guilty to Count 6 of the

indictment superseding indictment, charging a violation of 18 U.S.C. §§ 1952(a)(3)(A) and 2,

that being Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprise and

Aiding and Abetting thereto.

## SENTENCING

4.    The Defendant understands that the maximum penalty provided by law for this

offense is:

a.    imprisonment for a period of not more than five years;

b.    a fine not to exceed the greater of $250,000 or twice the pecuniary gain to

the Defendant or pecuniary loss to the victim;

c.    a term of supervised release of not more than three years to follow any

term of imprisonment.   (If the Defendant serves a term of imprisonment,

is then released on supervised release, and violates the conditions of

supervised release, the Defendant's supervised release could be revoked

— even on the last day of the term — and the Defendant could then be

returned to another period of incarceration and a new term of supervised

release.);

d.    a mandatory special penalty assessment of $100.00; and

e.    restitution as may be ordered by the Court.

5.      The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6.      The parties are aware that the Court will decide whether to accept or reject this plea agreement.   The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report.   Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the Defendant shall have the right to withdraw the Defendant's plea of guilty.

7.      Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

8.      If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 6:
18 U.S.C. § 1952(a)(3)(A), that being, Interstate and Foreign Travel or Transportation in aid of Racketeering Enterprises:

*First*:          The defendant used a facility of interstate or foreign commerce;

*Second*:      with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment or carrying on of an unlawful activity;

3

*Third*:          thereafter performed or attempted to perform an act of promoting, managing, establishing, carrying on, or facilitation of the unlawful activity as defined by the statute.

As to aiding and abetting,

*First*:          Someone else committed the crime charged in Count 6 (the elements of which are listed above); and

*Second*:          The Defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about.   The Defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him;

## DEFENDANT=S ADMISSION OF FACTS

9.          By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**On or about and between July 2018 and October 2018, I was employed at the Best Choice Inn, working as a desk clerk.   I understand the Best Choice Inn was a facility of interstate commerce.   During my employment I answered the telephone, which I understand is also a facility of interstate commerce, and provided information about the Best Choice Inn, including the location and the prices for**

4

**room rentals. I know that the ownership and upper management of the Best Choice Inn have been charged with Sex Trafficking and Conspiracy to Commit Sex Trafficking involving the Best Choice Inn which also involves narcotics use and prostitution that was occurring at the Best Choice Inn, in violation of the laws of the State of New Mexico. I knew that the Best Choice Inn was where narcotic and prostitution activity occurred, and I facilitated such illegal activities there by collecting room fees, upcharges, and payments for the rooms where such activity occurred. My actions constituted the facilitation, promotion, or the carrying on of the unlawful activities occurring at the Best Choice Inn as alleged in the indictment. I therefore aided and abetted in violation of the Travel Act, which was in aid of a racketeering enterprise, as alleged, 18 U.S.C. § 1952(a)(3)(A).**

10.     By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's whether to accept this plea agreement, including, but not limited to, the advisory guideline offense level.

### RECOMMENDATIONS

11.     The United States and the Defendant recommend as follows:

    a.     The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of twenty-four (24) months imprisonment is the appropriate disposition in this case. This agreement takes into account the

Defendant's acceptance of responsibility, with no further reduction to occur.

b.      The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal procedure 11(c)(1)(C), that no term of supervised release shall be imposed;

c.      The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that this sentence should run concurrent with the sentence imposed in the following consolidated state cases: D-202-CR-2017-00175, D-202-CR-2017-0063, 2016-DA-01234-1 and 2016-DA-03015-1.

d.      The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the defendant will not be assessed a fine or be ordered to pay restitution.

e.      If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

12.      The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.     The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14.     Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.   The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

15.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.   Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any

federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

16.     The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant.   Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentence of twenty-four months' imprisonment as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure.   If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## WAIVER OF APPEAL RIGHTS AND POST-CONVICTION RIGHTS

17.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court.   This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

18.     The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range.

19.    The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

20.    In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

21.    Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

      a.    Following sentencing, the United States will move to dismiss the remaining charges against the Defendant in this case.

22.    This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

23.    The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda).   The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

24.    The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will

thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

25.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $ _100_ in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

26.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this _27th_ day of _September_, 2022.

ALEXANDER M.M. UBALLEZ
United States Attorney


LETITIA CARROLL SIMMS
JACK BURKHEAD
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

10

I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
WAYNE BAKER
Attorney for the Defendant


I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
EDDIE HILL
Defendant

11