IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 19-1631 DHU |
| ) | |
| ) | |
| **EDDIE HILL,** ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
SENTENCING MEMORANDUM (DOC. 637)**

The United States hereby responds to Defendant Hill's *Sentencing Memorandum* (Doc. 637) filed January 24, 2024.

**I.      Procedural History**

On September 27, 2022, the Defendant pleaded guilty to Count 6 of the Superseding Indictment, which charged Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, in violation of 18 U.S.C. § 1952(a)(3)(A) and 18 U.S.C. § 2. In his plea agreement, Defendant Hill provided a robust and detailed factual basis to support his guilty plea. It starts with him declaring under penalty of perjury that, between approximately July 2018 and October 2018, he worked as a desk clerk at the Best Choice Inn. Doc. 369, p 4. He admitted under oath to knowing that the Best Choice Inn was where narcotics and prostitution activity occurred, and to facilitating such illegal activities there by collecting room fees, upcharges, and payments for the room where such activity occurred. *Id*, p 5. Hill admitted that his actions facilitated, promoted or carried out the unlawful activities occurring at the Best Choice Inc as alleged in the indictment. *Id*.

## II.        Acceptance of the Plea Provides Certainty and Finality

In consideration of acceptance of Defendants' plea agreement, the United States asks this Court to consider the parties' interest in minimizing the uncertainties of trial by negotiating this settlement. "The potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing means that a plea agreement can benefit both parties." *Missouri v. Frye*, 132 U.S. 1399, 1407 (2012). Parties in a criminal case must assess the likely outcome of motions and trial practice. Defendants in particular must weigh their tolerance for the risk of losing a trial against the benefits of a negotiated settlement. Likewise, the United States must weigh the public and the victim's interest against the risks of proceeding to trial.

The United States carefully weighed the evidence in this case and evaluated the impact that further litigation would have on the victims. Despite the cooperation and strength of the victims in this case, providing testimony in a case could – and oftentimes does – lead to further trauma.

Furthermore, as is common in sex trafficking cases, the victims in this case were chosen because they are vulnerable. They lack housing stability, they battle addiction, and they have developed a mistrust of law enforcement due to their past experiences and criminal histories. These circumstances make them prime targets for exploitation, and any defense attorney will aim to convince a jury that a person like this is "lacking credibility," as has been alleged throughout the duration of this case. The confluence of all of these factors make the courtroom a decidedly unpleasant place for sex-trafficking victims: they are victimized initially, then they are subjected to rigorous and often demeaning cross-examination. Some of these women have worked very hard on their rehabilitation since surviving these crimes. Being subject to cross examination can

be devastating for someone trying to put back the pieces of their life. This plea spares them of that indignity.

In negotiating the defendant's plea agreement, the United States carefully considered the benefit of obviating the need for these women's testimony against the nature of the offense and defendants' histories. Accordingly, the United States asks this Court to accept defendants' plea agreements.

### III. The United States' Recommends the Court accept the Sentencing Agreement

United States Probation disclosed the pre-sentence report ("PSR") on December 8, 2022. Doc. 407.  The PSR correctly calculated the total offense level to be 13 and criminal history category of VI, *id*. at ¶¶ 101, 118, which results in an advisory guideline range of 33 to 41 months.  However, consistent with the plea agreement, and for the reasons set forth below, the United States recommends that this Court sentence the Defendant to the low end of that correctly-calculated range, 24 months.  Furthermore, the United States requests three years of supervised release and a $100 special penalty assessment.

### IV. The § 3553 Factors

A. Nature and Circumstances of the Offense

As the Court is aware, 18 U.S.C. § 3553(a) instructs that sentencing courts shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. Those factors cut in favor of the sentence recommended by the Government. Here, while the overall scheme of the Best Choice Inn was abhorrent and incalculably destructive to the neighborhood, Mr. Hill's part in it was the least egregious. Mr. Hill was employed there for a considerably lesser period of time as compared to his co-defendants. While the United States believes he carried out the motel's coercive fee schedule, he never worked there for long enough

3

to rise to management and have any control over the decision making. Mr. Hill did reside at the Best Choice Inn at the time of the takedown in June 2019, and there was evidence of criminal activity inside his room to include stolen postal carrier clothing and apparently stolen mail. Furthermore, co-defendant Willie Horton, while admitting his own involvement, has indicated that Mr. Hill's involvement in the scheme was not to the same extent as everyone else. This statement is corroborated by the evidence as was born out during the prosecution of this case.

    B.  History and Characteristics of the Defendant

Mr. Hill has been involved in trafficking drugs since 1992. (Id, ¶ 105). In fact the vast majority of his criminal history involves drugs. (Id. ¶¶ 105-106, 111-116). He has had a consistent history of getting into trouble with law enforcement, and faced probation violations proceedings in state court when arrested on this case.

    C.  Factors Detailed in 18 U.S.C. § 3553(a)(2)

In addition to considering the nature and circumstances of the offense and the history and characteristics of the defendant, the Court shall also consider:

> (2) the need for the sentence imposed –
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant, and'
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The agreed upon sentence in this matter would reflect the seriousness of the conduct and provide just punishment for the offense under the circumstances. The proposed sentence reflects the culpability of the Defendant relative to the other co-defendants. The sentence also takes into account his situation in state court wherein he is also service time with no credit.

    D.  Avoiding Unwarranted Sentence Disparity

While the concern over preventing unwarranted sentence disparities is well-founded,

courts have repeatedly noted that mitigating this risk is only one factor that should be considered when imposing a sentence. *United States v. Martinez*, 610 F.3d 1216, 1228 (10th Cir. 2010). More specifically, disparate sentences are permitted "where the disparity is explicable by the facts on the record. *United States v. Davis*, 437 F.3d 989,997 (10th Cir. 2006). So long as the imposed sentence falls within the "range of possible" outcomes supported by the circumstances of the offense, the reviewing court must defer to the district court's judgement. *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). A minor variance need be supported by less justification than a major variance. *Gall v. United States*, 552 U.S. 38, 50 (2007).

The agreed upon sentence is only a nine-month downward variance from the low end of the applicable sentencing guidelines. When we take into account the total time Mr. Hill will serve on this matter in light of his state time, this resolution is fair given his level of culpability in this case.

## CONCLUSION

The United States hereby requests that the Court accept the plea agreement and sentence the Defendant to 24 months.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*Electronically filed 1/25/2024*
LETITIA CARROLL SIMMS
JACK E. BURKHEAD
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on the 25th day of January 2024, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for defendant to be served by electronic means.

***Filed Electronically***
LETITIA CARROLL SIMMS
Assistant U.S. Attorney

I HEREBY CERTIFY that on the 25th day of January 2024, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for defendant to be served by electronic means.

***Filed Electronically***
LETITIA CARROLL SIMMS
Assistant U.S. Attorney